SiNNOTT, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover $7,325.70.
The only question presented to the court for decision is the proper classification of the Sweet & Piper Horse & Mule Company, hereafter referred to as claimant, for excess-profits tax purposes, under sections 201, 210, or 209, of the revenue act of 1917, 40 Stat. 300.
The Commissioner of Internal Revenue assessed claimant’s taxes under section 201, with the benefit of section 210, in order to prevent a hardship because of the relatively high earnings and small amount of capital employed. It is claimant’s contention that it had not more than a nominal capital, within the meaning of section 209, and that the excess-profits tax should be determined at the flat rate of eight per cent.
Section 209, 40 Stat. 307, is as follows:
“ That in the case of a trade or business having no invested capital or not more than nominal capital there shall be levied, assessed, collected, and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation, $3,000, and in the case of a domestic partnership or a citizen or resident of the United States, $6,000; in the case of all other trades or business, no deduction.”
Claimant was engaged in the business of selling horses and mules as a wholesale commission merchant, operating in the stockyards at Kansas City, Missouri. It maintained an establishment where the owners of stock could ship the same to claimant for sale. Claimant paid the freight on the shipments, fed the stock, provided yardage, halterage, shoeing, and other incidental expenses. The stock was then sold, generally at auction, and immediately after sale claimant *117 remitted to the consignors of the stock the sale price, after deducting all the expenses paid by claimant.
The claimant was incorporated August 25, 1917, with an authorized capital stock of $50,000, of which $32,500 was actually paid in. This amount of capital was, during the period, found inadequate at times, and claimant borrowed from banks sufficient money to conduct its business, aggregating $50,000. Frank H. Sweet, president of claimant company, testifying as to the use by the company of said $32,500 •capital stock and $50,000 of borrowed money and why it was necessary, said:
“ Well it was necessary to pay the consignors immediately as soon as their stock was sold; our customers, such as the different governments, our resident dealers, paid us weekly; sometimes as much as ten days was taken.” ■
Plaintiff contends in his brief that the basis of classification under said section 209 is the presence or absence of invested capital as a material income-producing factor; that capital was in no material manner employed, if at all, and was in no sense necessary; that the investment was employed only four months, and the gross sales amounted to over $4,000,000; that on the basis of an investment for twelve months, gross sales would have amounted to $12,000,000, and that when compared with the volume of business engaged in, the capital invested, it was entirely insignificant, and could not possibly have been a material income-producing factor, and that while claimant in some instances made advances to consignors, these advances bore no interest.
In C. B. Fox Company v. United States, No. F-336, decided by this court December 3, 1928 [66 C. Cls. 447], it was said:
“ The gross sales for the year in question amounted to more than $12,000,000, and the net income to $244,230.27. Is it a reasonable contention that because plaintiff’s transactions for the year in question were out of proportion to the amount of the invested capital, $100,000, such capital should be regarded as nominal or negligible ? If plaintiff’s contention is sound, then an invested capital of, say, $500,000, in a business which resulted in proportionately larger gross sales and a proportionately greater net income, could likewise be treated as nominal capital.”
*118 In Feeders’ Supply Co. v. Commissioner of Internal Revenue, 31 Fed. (2d) 274, the Circuit Court of Appeals, opinion by Judge Kenyon, in passing on the question whether appellant was entitled to have its profits taxes for the years 1917 and 1918 computed under section 209 of the revenue act of 1917, said:
“ The invested capital, then, in this matter, including surplus, for the year ending June 30, 1917, was $14,252.55, and for the fiscal year 1918-was $44,391.98, as found by the board. These would seem to be substantial sums. But appellant insists that they are merely nominal, because gross sales of over $2,000,000 were made in each fiscal year under consideration, and that such a small investment could not have been used to any appreciable or substantial extent in bringing about the result.
“ [2] The amount of business carried on by a corporation is not the test to determine whether capital is nominal or otherwise. We agree with the statement in the opinion of the board, viz: ‘ The ratio which invested capital bears to-gross sales we do not conceive to be a proper criterion for determining whether such capital is nominal or otherwise.’
“ [3] Nominal capital is that which is capital in name only; that is, not substantial. Black’s Law Dictionary defines ‘ nominal ’ as follows: Titular; existing in name only; not real or substantial; connected with the transaction or proceeding in name only, not in interest.’ Webster’s New International Dictionary: ‘ Existing in name only; not real or actual; merely named, stated, or given, without reference to actual conditions; often with the implication that the thing named is so small, slight, or the like, in comparison to what might properly be expected, as scarcely to be entitled to the name; as, a nominal difference; a nominal price.’
" In Hubbard-Ragsdale Co. v. Dean, 15 F. (2d) 410 (District Court case), which was affirmed by the Circuit Court of Appeals of the Sixth Circuit, 15 F. (2d) 1013, the court said: If the nature of the business is such that it can not be carried on at all without the constant use of capital, and such use of capital plays a vital part in the successful conduct of the business, it can not be said that its use in the business is merely incidental. * * * But where the use of capital served a direct and necessary function in carrying on the business as it was in fact carried on, it was not to be classified as merely nominal.’ ”
Applying the test as to nominal capital laid down in the above excerpt, we can not escape the conclusion that claim *119 ant’s invested capital of $32,500 was not a nominal but a substantial sum, and particularly so in view of the fact that the manner of claimant’s operations permitted its capital to be reused every week or ten days. Neither can we escape the conclusion that its capital was necessary to its business. Not only was its invested capital of $32,500 necessary, but claimant was compelled to borrow an additional $50,000 in order to pay consignors immediately as soon as their stock was sold. It is apparent that the use of claimant’s capital “ served a direct and necessary function in carrying on the business as it was in fact carried on,” and that claimant is squarely within the rule quoted from Hubbard-Ragsdale Co. v. Dean, in the above excerpt from the Feeders’ Supply Co. case.
We conclude that the Commissioner of Internal Revenue committed no error. The petition is dismissed. It is so ordered.
GreeN, Judge, and Booth, Chief Justice, concur.
Graham, Judge, took no part in the decision of this case; and Moss, Judge, took no part on account of illness.